IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA COUNTY OF WESTMORELAND, | 11cv0557 **ELECTRONICALLY FILED** |
| Plaintiff, | |
| v. | |
| JEFFREY A. GARVEY, | |
| Defendant. | |

| | |
|---|---|
| JEFFREY ALLEN GARVEY, | |
| Plaintiff, | 11cv0558 **ELECTRONICALLY FILED** |
| v. | |
| PARTROLMAN KEITH A. KING, ET AL., | |
| Defendants. | |

<u>Memorandum Opinion on Plaintiff's Motion for In Forma Pauperis and Dismissal of Cases Sua Sponte</u>

Pending before this Court is Jeffrey A. Garvey's (defendant/pro se plaintiff's) "notice of removal" and request for In Forma Pauperis (IFP) status in civil action no. 11-557, and civil action no. 11-558, and his complaint/request for declaratory judgment in civil action no. 11-558. Garvey, who is a defendant in an open criminal proceeding in Westmoreland County, before District Court Magistrate Cheryl J. Peck-Yakopec, was charged with numerous counts of disorderly conduct, resisting arrest, false identification and other related charges. It appears that plaintiff was pulled over by members of the

Lower Burrell Police Department during a traffic stop, he was subsequently arrested, and his vehicle was impounded.

It further appears from the documents attached by Garvey to his "notice of removal" in 11-cv-557, that he is scheduled to appear for a preliminary hearing before Judge Peck-Yakopec on May 24, 2011 to address these charges. Doc. No. 1-2. Garvey alleges that his "removal" to this Court is premised on a federal question under 28 U.S.C. §§ 1441 and 1446. 11-cv-557, Doc. No. 1-1, 1-3.

Section 1915A obligates the Court to review an IFP prisoner's complaint as soon as practicable after docketing, and to dismiss the action if at any time it appears, *inter alia*, that the action is frivolous, malicious or fails to state a claim. 28 U.S.C. § 1915A(b)(1). Additionally, 28 U.S.C. § 1915 (e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal—
>
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary relief against a defendant who is immune from such relief.

The standard under which a district court may dismiss an action as frivolous under 28 U.S.C. § 1915(d) (the predecessor to section 1915 (e)(2)[1]) was clarified by the Supreme Court in *Neitzke v. Williams*, 490 U.S. 319 (1989). Dismissal is appropriate both

---

[1] Although much of the language in the current in forma pauperis statute, 28 U.S.C. § 1915 and § 1915A, deals with prisoners, section 1915(e)(2) is not limited to prisoner suits. *Powell v. Hoover*, 956 F.Supp. 564 (M.D.PA. 1997).

2

when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." *Id.* at 327.

Plaintiff's claim is based on an "indisputably meritless legal theory," and it fails to state a claim upon which relief can be granted. Although leave to amend a pro se civil rights complaint should be considered, amendment in this case would be futile where plaintiff's affirmative pleadings show he has not been deprived of any constitutionally protected liberty interest.

First, plaintiff has no constitutional right to remove a state criminal proceeding against him to federal court merely by alleging a "federal question". Garvey is a defendant in a pending criminal proceeding in Westmoreland County, over which this Court has no jurisdiction, and accordingly, he may not "remove" his case to this Court. Therefore, these "Cause of Actions" therefore raises insurmountable *Rooker-Feldman* hurdles. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

The *Rooker-Feldman* doctrine is a question of federal subject matter jurisdiction that this Court is not free to ignore. *Gulla v. North Strabane Township*, 146 F.3d 168, 170-71 (3d Cir. 1998). "Under the *Rooker-Feldman* doctrine, lower federal courts cannot entertain [federal] claims that have been previously adjudicated in state court or that are inextricably intertwined with a state adjudication." *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996). Moreover, the state level decision need not be of its highest court, and the *Rooker-Feldman* doctrine applies equally to final decisions of lower state courts. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 364 F.3d 102, 104 (3d Cir. 2004), *citing FOCUS*, 75 F.3d at 840.

Second, to the extent plaintiff is advancing some allegations of constitutional violations in the form of false imprisonment, false arrest or the like (as documented more fully in related case 11-cv-558 doc. no. 1-2), under the well-established precedent of *Heck v. Humphries*, 512 U.S. 477 (1994), his claims are precluded because he has not achieved a favorable termination of the criminal charges filed against him. In *Heck v. Humphries*, the United States Supreme Court held that where success in a prisoner's Section 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Given the liberality with which federal courts construe *pro se* complaints, this Court would ordinarily give plaintiff an opportunity to amend his complaint or to show cause why these actions should not be dismissed for want of subject matter jurisdiction. However, plaintiff's affirmative averments demonstrate that, even if his complaint could be read to sustain a federal question, his cause of action is a "spin-off" of a pending state court action, and it suffers a fatal *Rooker-Feldman* defect. Furthermore, plaintiff's claims also are barred under *Heck v. Humphreys,* 512 U.S. 477, 487 (1994); see *Gilles v. Davis*, 427 F.3d 197, 208-210 (3d Cir. 2005), due to the existence of an open criminal prosecution in state court, which has not yet been resolved favorably to him.

Accordingly, plaintiff's motion for IFP status in civil action nos. 11-557 and 11-558 will be GRANTED; plaintiff's improperly removed action at civil action no. 11-557 and plaintiff's complaint at civil action no. 11-558 will be DISMISSED in their entirety with prejudice, and both cases at civil action nos. 11-557 and 11-558 will be CLOSED.

An appropriate order follows.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

Jeffrey A. Garvey
133 Larchmont Drive
PO Box 4162
Lower Burrell, PA 15068
PRO SE PLAINTIFF/DEFENDANT